# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In re: WALTERS, JERROLD J § Case No. 10-29884
§
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on July 02, 2010. The undersigned trustee was appointed on July 02, 2010.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized the gross receipts of      $      7,500.27

Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim distribution | 0.00 |
| Administrative expenses | 2,489.93 |
| Bank service fees | 75.00 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of [1]    $ | 4,935.34 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing non-governmental claims in this case was 08/05/2011 and the deadline for filing governmental claims was 08/05/2011. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $1,500.03. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $760.34, for a total compensation of $760.34.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $0.00, for total expenses of $0.00.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 11/18/2011        By: /s/NORMAN NEWMAN
                              Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

Exhibit A

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Page: 1

**Case Number:** 10-29884  
**Case Name:** WALTERS, JERROLD J  

**Period Ending:** 11/18/11

**Trustee:** (330560)  NORMAN NEWMAN  
**Filed (f) or Converted (c):** 07/02/10 (f)  
**§341(a) Meeting Date:** 08/05/10  
**Claims Bar Date:** 08/05/11  

| 1 | | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| Ref. # | Asset Description (Scheduled And Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) DA=§554(c) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1 | Real Property<br>Orig. Asset Memo: Property is in foreclosure.; | 175,000.00 | 0.00 | | 0.00 | FA |
| 2 | Lot in Texas | 20,000.00 | 19,162.43 | | 7,500.00 | FA |
| 3 | Cash | 50.00 | 0.00 | | 0.00 | FA |
| 4 | Checking Account | 50.00 | 0.00 | | 0.00 | FA |
| 5 | Household Goods | 500.00 | 0.00 | | 0.00 | FA |
| 6 | Wearing Apparel | 100.00 | 0.00 | | 0.00 | FA |
| 7 | AUTOMOBILES AND OTHER VEHICLES | 1,500.00 | 0.00 | | 0.00 | FA |
| 8 | LAS VEGAS TIME SHARE | 0.00 | 0.00 | DA | 0.00 | FA |
| Int | INTEREST (u) | Unknown | N/A | | 0.27 | Unknown |
| 9 | Assets    Totals (Excluding unknown values) | $197,200.00 | $19,162.43 | | $7,500.27 | $0.00 |

**Major Activities Affecting Case Closing:**

Selling vacant real estate in Texas.

**Initial Projected Date Of Final Report (TFR):**   August 31, 2011           **Current Projected Date Of Final Report (TFR):**   August 31, 2011

Exhibit B

# Form 2

Page: 1

## Cash Receipts And Disbursements Record

| Case Number: | 10-29884 | | Trustee: | NORMAN NEWMAN (330560) |
| --- | --- | --- | --- | --- |
| Case Name: | WALTERS, JERROLD J | | Bank Name: | The Bank of New York Mellon |
| | | | Account: | 9200-******85-65 - Money Market Account |
| Taxpayer ID #: | **-***4873 | | Blanket Bond: | $5,000,000.00 (per case limit) |
| Period Ending: | 11/18/11 | | Separate Bond: | N/A |

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Money Market<br>Account Balance |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 04/05/11 | | Adobe Title, LLC | Sell of Vacant Lot in Texas | | | 5,010.07 | | 5,010.07 |
| | {2} | | Sales Price | 7,500.00 | 1110-000 | | | 5,010.07 |
| | | | Settlement Charges | -2,110.50 | 2500-000 | | | 5,010.07 |
| | | | Option Money | -25.00 | 2500-000 | | | 5,010.07 |
| | | | Portion of Owners Policy | -234.00 | 2500-000 | | | 5,010.07 |
| | | | County Property Taxes | -120.43 | 2820-000 | | | 5,010.07 |
| 04/29/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | | 1270-000 | 0.03 | | 5,010.10 |
| 05/31/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | | 1270-000 | 0.04 | | 5,010.14 |
| 06/30/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | | 1270-000 | 0.04 | | 5,010.18 |
| 07/29/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | | 1270-000 | 0.04 | | 5,010.22 |
| 08/31/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | | 1270-000 | 0.04 | | 5,010.26 |
| 08/31/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | | 2600-000 | | 25.00 | 4,985.26 |
| 09/30/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | | 1270-000 | 0.04 | | 4,985.30 |
| 09/30/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | | 2600-000 | | 25.00 | 4,960.30 |
| 10/31/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | | 1270-000 | 0.04 | | 4,960.34 |
| 10/31/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | | 2600-000 | | 25.00 | 4,935.34 |

| | | | |
| --- | --- | --- | --- |
| ACCOUNT TOTALS | | 5,010.34 | 75.00 | $4,935.34 |
| Less: Bank Transfers | | 0.00 | 0.00 | |
| Subtotal | | 5,010.34 | 75.00 | |
| Less: Payments to Debtors | | | 0.00 | |
| NET Receipts / Disbursements | | $5,010.34 | $75.00 | |

| Net Receipts: | 5,010.34 |
| --- | --- |
| Plus Gross Adjustments: | 2,489.93 |
| Net Estate: | $7,500.27 |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
| --- | --- | --- | --- |
| MMA # 9200-******85-65 | 5,010.34 | 75.00 | 4,935.34 |
| | $5,010.34 | $75.00 | $4,935.34 |

{} Asset reference(s)

Printed: 11/18/2011 12:41 PM    V.12.57

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | Case No. 10-29884 |
| **JERROLD J. WALTERS** | ) | Hon. Jacqueline P. Cox |
| | ) | Hearing Date: February 10, 2011 |
| | ) | 9:30 a.m. |
| **Debtor.** | ) | |

ORDER AUTHORIZING
TRUSTEE TO SELL REAL ESTATE

This Matter having come before this Court on the Trustee's Motion to Sell Real Estate pursuant to 11 U.S.C. §§ 363(b)(1) and (f), and to pay Orr & Associates Real Estate, due notice having been given to all creditors and parties in interest, and the Court being fully advised in the premises;

**It Is Hereby Ordered**:

1. The Trustee's Motion is hereby granted;

2. The Trustee is authorized to enter into a Unimproved Property Contract substantially similar to the one attached to the Motion and to sell to Entrust Retirement Services, Inc., the Trustee's interest in and to the Property located at 2701 N FM 157, Venus, Texas 76084 (the "Property"), free and clear of all liens, claims and encumbrances for the sum of $7,500.00, pursuant to the terms and conditions of the Unimproved Property Contract;

3. The Trustee is authorized to pay out of the proceeds of the sale, and any costs and expenses associated with the sale of the Property, including but not limited to Orr & Associates Real Estate in the amount of $1,00.00 representing its commission under the Court-approved Listing Agreement, real estate taxes, transfer stamp taxes, if any, title costs and to fulfill any other requirements pursuant to the Unimproved Property Contract;

4. The Trustee is authorized to execute any other documents and to take any other necessary actions to consummate the sale of the Property;

5. The Trustee shall pay from the proceeds of the sale the 2010 ad valorem taxes on the real property in the approximate amount of $488.42, including any penalties and interest accrued as a result of delinquent payment. Johnson County, Venus Independent School District and Hill College shall retain their statutory tax liens against the real property until all amounts owed are paid in full. Further, the liens asserted by Johnson County, Venus Independent School District and Hill College shall retain their current priority status under the Texas Property Tax Code until they are paid in full."

6. That the buyer shall purchase the property subject to the 2011 and subsequent years ad valorem tax liens, to be paid in full in the ordinary course, as is and when due. and

7. Notwithstanding Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, this Order shall be effective and enforceable immediately upon entry. The Court expressly finds that there is no reason for delay in the implementation of this Order.

ENTERED

ENTERED:  FEB 1 0 2011

Judge Jacqueline P. Cox
United States Bankruptcy Court

By:_____
United States Bankruptcy Judge

Order Prepared By:

Norman B. Newman, ARDC No. 02045427
Martin J. Wasserman, ARDC No. 06294040
MUCH SHELIST DENENBERG
    AMENT & RUBENSTEIN, P.C.
191 North Wacker Drive, Suite 1800
Chicago, Illinois 60606

Telephone: 312.521.2000
Facsimile: 312.521.2100

OMB No. 2502-0265



# A. Settlement Statement (HUD-1)

### B. Type of Loan
1. ☐ FHA  2. ☐ RHS  3. ☐ Conv Unins  
4. ☐ VA  5. ☐ Conv Ins.  6. ☐ Seller Fin  
7. ☒ Cash Sale.

6. File Number: 11030256BU  
7. Loan Number:  
8. Mortgage Ins Case Number:

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name & Address of Borrower | E. Name & Address of Seller | F. Name & Address of Lender |
|---|---|---|
| Entrust Retirement Services, Inc. fbo Larry Pool, IRA #10292-02, 2816 S. I-35, Burleson, TX 76028 | Norman B. Newman, Trustee, in Bankruptcy for Jerrold J. Walters under cause #10-29884, United States Bankruptcy Court Northern District of Illinois Eastern Division, 191 N. Wacker Drive #1800, Chicago, IL 60606 | |

| G. Property Location | H. Settlement Agent Name | I. Settlement Date |
|---|---|---|
| Tract 1A66, Abstract 913, Venus, Johnson County, Texas, 2701 N. FM 157, Venus, TX | Adobe Title, LLC, 2205 North Henderson Avenue, Dallas, TX 75206, 214-821-0222, Underwritten By: WFG. Place of Settlement: Adobe Title, LLC, 115 N. W. Newton, Ste. A, Burleson, TX 76028 | 3/31/2011, Fund: 3/31/2011 |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| 100. Gross Amount Due from Borrower | | 400. Gross Amount Due to Seller | |
| 101. Contract sales price | $7,500.00 | 401. Contract sales price | $7,500.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower | $679.66 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City property taxes | | 406. City property taxes | |
| 107. County property taxes | | 407. County property taxes | |
| 108. Assessment taxes | | 408. Assessment taxes | |
| 109. School property taxes | | 409. School property taxes | |
| 110. MUD taxes | | 410. MUD taxes | |
| 111. Other taxes | | 411. Other taxes | |
| 112. | | 412. | |
| 113. | | 413. | |
| 114. | | 414. | |
| 115. | | 415. | |
| 116. | | 416. | |
| 120. Gross Amount Due From Borrower | $8,179.66 | 420. Gross Amount Due to Seller | $7,500.00 |
| 200. Amounts Paid By Or In Behalf Of Borrower | | 500. Reductions in Amount Due to Seller | |
| 201. Deposit or earnest money | $500.00 | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | | 502. Settlement charges to seller (line 1400) | $2,110.50 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. Option Money | $25.00 | 506. Option Money | $25.00 |
| 207. | | 507. (EMD $500 Disbursed as Proceeds) | |
| 208. Portion of Owner's Policy Paid by Seller | $234.00 | 508. Portion of Owner's Policy Paid by Seller | $234.00 |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City property taxes | | 510. City property taxes | |
| 211. County property taxes (01/01/11 thru 03/31/11) | $120.43 | 511. County property taxes (01/01/11 thru 03/31/11) | $120.43 |
| 212. Assessment taxes | | 512. Assessment taxes | |
| 213. School property taxes | | 513. School property taxes | |
| 214. MUD taxes | | 514. MUD taxes | |
| 215. Other taxes | | 515. Other taxes | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. Total Paid By/For Borrower | $879.43 | 520. Total Reduction Amount Due Seller | $2,489.93 |
| 300. Cash At Settlement From/To Borrower | | 600. Cash At Settlement To/From Seller | |
| 301. Gross Amount due from borrower (line 120) | $8,179.66 | 601. Gross Amount due to seller (line 420) | $7,500.00 |
| 302. Less amounts paid by/for borrower (line 220) | $879.43 | 602. Less reductions in amt. due seller (line 520) | $2,489.93 |
| 303. Cash From Borrower | $7,300.23 | 603. Cash To Seller | $5,010.07 |

The Public Reporting Burden for this collection of information is estimated at 35 minutes per response for collecting, reviewing, and reporting the data. This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number. No confidentiality is assured; this disclosure is mandatory. This is designed to provide the parties to a RESPA covered transaction with information during the settlement process.

Previous editions are obsolete                    Page 1 of 4                    HUD-1

## L. Settlement Charges

| | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|
| 700. Total Real Estate Broker Fees  $1,000.00 | | | |
| Division of Commission (line 700) as follows: | | | |
| 701. $1,000.00 to Orr & Associates Real Estate | | | |
| 702. to | | | |
| 703. Commission Paid at Settlement | | $0.00 | $1,000.00 |
| 704. The following persons, firms, or corporations received: | | | |
| 705. portion of the real estate commission | | | |
| 706. amount shown above | | | |
| **800. Items Payable in Connection with Loan** | | | |
| 801. Our origination charge  $0.00 (from GFE #1) | | | |
| 802. Your credit or charge (points) for the specific interest rate chosen  $0.00 (from GFE #2) | | | |
| 803. Your adjusted origination charges  to (from GFE A) | | | |
| 804. Appraisal Fee  (from GFE #3) | | | |
| 805. Credit report  (from GFE #3) | | | |
| 806. Tax service  (from GFE #3) | | | |
| 807. Flood certification  (from GFE #3) | | | |
| **900. Items Required by Lender to be Paid in Advance** | | | |
| 901. Daily interest charges from 1/1/2011 to 1/1/2011 @ $0/day  (from GFE #10) | | | |
| 902. Mortgage insurance premium for  months to (from GFE #3) | | | |
| 903. Homeowner's Insurance for  years to (from GFE #11) | | | |
| **1000. Reserves Deposited with Lender** | | | |
| 1001. Initial Deposit for your escrow account  (from GFE #9) | | $0.00 | |
| 1002. Homeowner insurance  months @  per month | | | |
| 1003. Mortgage insurance  months @  per month | | | |
| 1004. City property taxes  months @  per month | | | |
| 1005. County property taxes  months @  $10.70 per month | | | |
| 1006. Assessment Taxes  months @  per month | | | |
| 1007. School property taxes  months @  per month | | | |
| 1008. MUD Taxes  months @  per month | | | |
| 1009. Other Taxes  0 months @  | | | |
| 1010. Other Taxes  0 months @ | | | |
| 1011. Aggregate Adjustment | | | |
| **1100. Title Charges** | | | |
| 1101. Title services and lender's title insurance  to (from GFE #4) | | $421.66 | |
| 1102. Settlement or closing fees  to Adobe Title LLC / Escrow  $375.00 | | | $375.00 |
| 1103. Owner's title insurance  to Adobe Title LLC  (from GFE #5) | | $234.00 | |
| 1104. Lender's title insurance  to  $0.00 | | | |
| 1105. Lender's title policy limit $  $0.00/$0.00 | | | |
| 1106. Owner's title policy limit $  $7,500.00/$228.00 | | | |
| 1107. Agent's portion of the total title insurance premium  to Adobe Title LLC  $194.65 | | | |
| 1108. Underwriter's portion of the total title insurance premium  to Old Republic National Title  $34.35 | | | |
| 1109. State of Texas Policy Guaranty Fee  to Adobe Title Guaranty Fee  (from GFE #4) | | | $0.00 |
| 1110. State of Texas Policy Guaranty Fee  to Adobe Title Guaranty Fee  $5.00 (from GFE #5) | | | $0.00 |
| 1111. Tax Certificate  to NationalTaxNet  (from GFE #4) | | | $43.35 |
| 1112. Attorney Fee  to Harris Austin Mundheim PLLC  (from GFE #4) | | | $125.00 |
| 1113. Copies of Restriction  to Adobe Title LLC  $21.66 (from GFE #4) | | | $0.00 |
| 1114. Overnight Fee  to Adobe Title LLC  $25.00 (from GFE #4) | | | $25.00 |
| **1200. Government Recording and Transfer Charges** | | | |
| 1201. Government recording charges  (from GFE #7) | | $24.00 | |
| 1202. Deed $24.00  Mortgage Release $0.00  to Adobe Title LLC Recording Account | | | |
| 1203. Transfer taxes  (from GFE #8) | | | |
| 1204. City/County tax/stamps  Deed $0.00  Mortgage $0.00 | | | |
| 1205. State tax/stamps  Deed $0.00  Mortgage $0.00 | | | |
| **1300. Additional Settlement Charges** | | | |
| 1301. Required services you can shop for  (from GFE #6) | | | |
| 1302. 2010 Taxes  to Johnson County Tax Collector | | | $542.15 |
| **1400. Total Settlement Charges** (enter on lines 103, Section J and 502, Section K) | | $679.66 | $2,110.50 |

POC (B) – Paid Outside of Closing by Borrower.  POC (S) – Paid Outside of Closing by Seller.  POC (L) – Paid Outside of Closing by Lender.

| Comparison of Good Faith Estimate (GFE) and HUD-1 Charges | | Good Faith Estimate | HUD-1 |
|---|---|---|---|
| Charges That Cannot Increase | HUD-1 Line Number | | |
| Our origination charge | #801 | $0.00 | $0.00 |
| Your credit or charge (points) for the specific rate chosen | #802 | $0.00 | $0.00 |
| Your adjusted origination charges | #803 | $0.00 | $0.00 |
| Transfer taxes | #1203 | $0.00 | $0.00 |

| Charges That In Total Cannot Increase More Than 10% | | Good Faith Estimate | HUD-1 |
|---|---|---|---|
| Government recording charges | #1201 | $0.00 | $24.00 |
| Total Increase between GFE and HUD-1 Charges | | or | % |

| Charges That Can Change | | Good Faith Estimate | HUD-1 |
|---|---|---|---|
| Initial deposit for your escrow account | #1001 | $0.00 | $0.00 |
| Daily interest charges | #901 $0/day | $0.00 | $0.00 |
| Homeowner's insurance | #903 | $0.00 | $0.00 |

Loan Terms

| | |
|---|---|
| Your initial loan amount is | |
| Your loan term is | years |
| Your initial interest rate is | % |
| Your initial monthly amount owed for principal, interest, and any mortgage insurance is | includes<br>☐ Principal<br>☐ Interest<br>☐ Mortgage Insurance |
| Can your interest rate rise? | ☒ No. ☐ Yes, it can rise to a maximum of %. The first change will be on and can change again every after . Every change date, your interest rate can increase or decrease by %. Over the life of the loan, your interest rate is guaranteed to never be lower than % or higher than %. |
| Even if you make payments on time, can your loan balance rise? | ☒ No. ☐ Yes, it can rise to a maximum of |
| Even if you make payments on time, can your monthly amount owed for principal, interest, and mortgage insurance rise? | ☒ No. ☐ Yes, the first increase can be on and the monthly amount owed can rise to. The maximum it can ever rise to is |
| Does your loan have a prepayment penalty? | ☒ No. ☐ Yes, your maximum prepayment penalty is |
| Does your loan have a balloon payment? | ☒ No. ☐ Yes, you have a balloon payment of due in years on |
| Total monthly amount owed including escrow account payments | ☒ You do not have a monthly escrow payment for items, such as property taxes and homeowner's insurance. You must pay these items directly yourself.<br>☐ You have an additional monthly escrow payment of that results in a total initial monthly amount owed of . This includes principal, interest, any mortgage insurance and any items checked below:<br><br>☐ Property taxes       ☐ Homeowner's Insurance<br>☐ Flood insurance      ☐<br>☐                      ☐ |

Note: If you have any questions about the Settlement Charges and Loan Terms listed on this form, please contact your lender.

File No. 11030256BU

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a completed copy of pages 1, 2 and 3 of this HUD-1 Settlement Statement.

Entrust Retirement Services, Inc. fbo Larry Pool
IRA #10292-02

By: _____
Larry Pool

_____
Norman B. Newman, Trustee, in Bankruptcy for Jerrold J. Walters under Cause #10-29884, United States Bankruptcy Court Northern District of Illinois Eastern Division

SETTLEMENT AGENT CERTIFICATION
The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused the funds to be disbursed in accordance with this statement.

_____   3-31-11
Settlement Agent    Date

Warning: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

File No. 11030256BU

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a completed copy of pages 1, 2 and 3 of this HUD-1 Settlement Statement.

Entrust Retirement Services, Inc. fbo Larry Pool
IRA #10292-02

By: _____

_____
Norman B. Newman, Trustee, in Bankruptcy for Jerrold J. Walters under Cause #10-29884, United States Bankruptcy Court Northern District of Illinois Eastern Division

SETTLEMENT AGENT CERTIFICATION
The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused the funds to be disbursed in accordance with this statement.

_____ 3-31-11
Settlement Agent                Date

Warning: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see Title 18 U.S. Code Section 1001 and Section 1010.

read & approved
[signature] 3-31-11

Printed: 11/18/11 12:41 PM                                                                                      Page: 1

# Claims Proposed Distribution

## Case: 10-29884    WALTERS, JERROLD J

Report Includes ONLY Claims with a Proposed Distribution

| Case Balance: | $4,935.34 | | Total Proposed Payment: | $4,935.34 | | Remaining Balance: | $0.00 | |
|---|---|---|---|---|---|---|---|---|
| Claim # | Claimant Name | Type | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment | Remaining Funds |
| A | Norman B. Newman, Trustee <2100-00  Trustee Compensation> | Admin Ch. 7 | 1,500.03 | 1,500.03 | 0.00 | 1,500.03 | 760.34 | 4,175.00 |
| B | Much Shelist, et.al. <3110-00  Attorney for Trustee Fees (Trustee Firm)> | Admin Ch. 7 | 8,056.00 | 8,056.00 | 0.00 | 8,056.00 | 4,083.46 | 91.54 |
| C | Much Shelist, et.al. <3120-00  Attorney for Trustee Expenses (Trustee Firm)> | Admin Ch. 7 | 180.60 | 180.60 | 0.00 | 180.60 | 91.54 | 0.00 |
| SUBTOTAL FOR   ADMIN CH. 7 | | | 9,736.63 | 9,736.63 | 0.00 | 9,736.63 | 4,935.34 | |
| | Total for Case 10-29884 : | | $9,736.63 | $9,736.63 | $0.00 | $9,736.63 | $4,935.34 | |

## CASE SUMMARY

| | Amount Filed | Amount Allowed | Paid to Date | Proposed Payment | % paid |
|---|---|---|---|---|---|
| Total Administrative Claims : | $9,736.63 | $9,736.63 | $0.00 | $4,935.34 | 50.688380% |

**TRUSTEE'S PROPOSED DISTRIBUTION**

Exhibit D

Case No.: 10-29884
Case Name: WALTERS, JERROLD J
Trustee Name: NORMAN NEWMAN

**Balance on hand:** $ 4,935.34

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| 2 | Johnson County/Hill College Venus ISD | 99.46 | 0.00 | 0.00 | 0.00 |
| 3 | Venus Independent School District | 371.06 | 0.00 | 0.00 | 0.00 |

Total to be paid to secured creditors: $ 0.00
Remaining balance: $ 4,935.34

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - Norman B. Newman, Trustee | 1,500.03 | 0.00 | 760.34 |
| Attorney for Trustee, Fees - Much Shelist, et.al. | 8,056.00 | 0.00 | 4,083.46 |
| Attorney for Trustee, Expenses - Much Shelist, et.al. | 180.60 | 0.00 | 91.54 |

Total to be paid for chapter 7 administration expenses: $ 4,935.34
Remaining balance: $ 0.00

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00
Remaining balance: $ 0.00

**UST Form 101-7-TFR (05/1/2011)**

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for priority claims: $ 0.00
Remaining balance: $ 0.00

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 17,116.93 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | COOK COUNTY TREASURER'S OFFICE | 6,602.96 | 0.00 | 0.00 |
| 4 | American InfoSource LP as agent for | 4,168.39 | 0.00 | 0.00 |
| 5 | American Express Centurion Bank | 3,635.23 | 0.00 | 0.00 |
| 6 | Portfolio Recovery Associates, LLC | 2,710.35 | 0.00 | 0.00 |

Total to be paid for timely general unsecured claims: $ 0.00
Remaining balance: $ 0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for tardy general unsecured claims: $ 0.00
Remaining balance: $ 0.00

**UST Form 101-7-TFR (05/1/2011)**

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for subordinated claims: $ 0.00
Remaining balance: $ 0.00

**UST Form 101-7-TFR (05/1/2011)**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

IN RE: §

JERROLD J. WALTERS §

§ CASE NO. 10-29884-7
Debtor(s) (Chapter 7)

§

**WITHDRAWAL**

NOW COMES, VENUS ISD in the above-entitled bankruptcy proceeding, by and through its attorneys, PERDUE, BRANDON, FIELDER, COLLINS & MOTT, L.L.P., and does hereby withdraw its proof of claim filed on or about 8/17/2010(Claim no. 2) in this bankruptcy case.

Respectfully Submitted,

**PERDUE, BRANDON, FIELDER,**
**COLLINS & MOTT, L.L.P.**
Attorneys for Claimant

By: _____
ELIZABETH BANDA CALVO
State Bar No. 24012238
P.O. Box 13430
Arlington, Texas 76094-0430
Phone: (817) 461-3344
Fax: (817) 860-6509
Email: ebcalvo@pbfcm.com

**CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the above document was sent via regular U.S. first class mail to the following parties on this the 26 day of August, 20011:

| JOHN J. PLACEK<br>15 N. ARLINGTON HEIGHTS RD.<br>ARLINGTON, HEIGH, IL 60004 | NORMAN B. NEWMAN<br>MUCH SHELIST FREED DENENBERG<br>191 NORTH WACKER DR. STE. 1800<br>CHICAGO, IL 60601 |
|---|---|

_____
ELIZABETH BANDA CALVO

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                          §

JERROLD J. WALTERS                              §
                                                §    CASE NO. 10-29884-7
Debtor(s)                                            (Chapter 7)

                                                §

### WITHDRAWAL

NOW COMES, JOHNSON COUNTY/HILL COLLEGE in the above-entitled bankruptcy proceeding, by and through its attorneys, PERDUE, BRANDON, FIELDER, COLLINS & MOTT, L.L.P., and does hereby withdraw its proof of claim filed on or about 8/17/2010(Claim no. 3) in this bankruptcy case.

Respectfully Submitted,

**PERDUE, BRANDON, FIELDER,
COLLINS & MOTT, L.L.P.**
Attorneys for Claimant

By: _____
ELIZABETH BANDA CALVO
State Bar No. 24012238
P.O. Box 13430
Arlington, Texas 76094-0430
Phone: (817) 461-3344
Fax: (817) 860-6509
Email: ebcalvo@pbfcm.com

### CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above document was sent via regular U.S. first class mail to the following parties on this the 26 day of August, 20011:

| JOHN J. PLACEK<br>15 N. ARLINGTON HEIGHTS RD.<br>ARLINGTON, HEIGH, IL 60004 | NORMAN B. NEWMAN<br>MUCH SHELIST FREED DENENBERG<br>191 NORTH WACKER DR. STE. 1800<br>CHICAGO, IL 60601 |
|---|---|

_____
ELIZABETH BANDA CALVO

**MUCH SHELIST**

ATTORNEYS AT LAW
191 N. WACKER DRIVE
SUITE 1800
CHICAGO, IL 60606.1615

T 312.521.2000
F 312.521.2200

www.muchshelist.com
DIRECT DIAL:
312.521.2492
nnewman@muchshelist.com

August 23, 2011

Cook County Treasurer's Office
Legal Department
118 N. Clark Street, Room 112
Chicago, IL 60602
Attention: Donna Echevarria

RECEIVED
AUG 25 2011
COOK COUNTY TREASURER

Re:    Jerrold J. Walters – Case No. 10-29884

Dear Ms. Echevarria:

I serve as Trustee in Bankruptcy for Jerrold J. Walters. Enclosed is a copy of a secured proof of claim dated July 26, 2010, which you filed on behalf of the Cook County Treasurer. Please be advised that the funds which I received in Mr. Walter's bankruptcy case came from the sale of real estate located in Johnson County, Texas. I did not sell the real estate which is the subject of your secured claim.

I would appreciate it if you will agree that the claim you filed on behalf of the Cook County Treasurer should be allowed, [*limited for purposes of distribution of proceeds from the sale of Real Estate located in Johnson County, TX,*] as a general unsecured claim rather than as a secured claim. If you agree, please sign where indicated below and return a signed copy of this letter to me.

Please let me know if you have any questions. Thank you for your cooperation.

Very truly yours,

Norman B. Newman

NBN:nas
Enclosure

I agree that the claim of Cook County Treasurer should be allowed as a general unsecured claim, [*limited for purposes of distribution of proceeds from the sale of real estate located in Johnson County, TX,*] in the amount of $6,692.96.

_____q. Mac____ A.S.A.

Much Shelist Denenberg Ament & Rubenstein, P.C.

INTERNATIONAL
ALLIANCE
OF LAW FIRMS